FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 NOV 14 PM 3: 13

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 407-121 |
| | ) | |
| v. | ) | |
| | ) | |
| **AMOS GREEN, JR.** | ) | |

## ORDER

On June 29, 2007, the Court ordered a psychiatric examination of the defendant in accordance with 18 U.S.C. § 4241(a) and (b) for the purpose of helping the Court determine whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and whether the defendant was insane at the time of the offense charged. 18 U.S.C. § 4241(a). Pursuant to the Court's Order, an examination was completed at the Federal Detention Center, Miami Florida and a report was submitted by Dr. Jorge Luis, a forensic psychologist.

According to the report of Dr. Luis, the forensic examiners conclude that the defendant was not suffering from an active phase of a mental disease at the time of the alleged offense that would have resulted in his inability to appreciate the wrongfulness of his acts. It is their opinion, however, that the defendant has an insufficient factual and rational understanding of the nature and consequences of the legal proceedings against him at this time owing to a possible mental defect. The examiners conclude that defendant is not competent to stand trial at this time.

Ordinarily, the Court would conduct a hearing in accordance with 18 U.S.C. § 4241(d) to determine by a preponderance of the evidence whether defendant is competent to stand trial.

However, in this case a hearing is unnecessary since neither the defendant nor the government have any objection to the conclusion of the examiners.

Accordingly, **IT IS HEREBY ORDERED** that he defendant be committed to the custody of the Attorney General, who is directed to hospitalize the defendant for treatment in a suitable facility for a period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed. 18 U.S.C. § 4241(d)(1).

**IT IS FURTHER ORDERED** that the director and/or treating physicians of the designated facility make a written report of their findings not later than four months from the date of this Order to the Honorable G. R. Smith, United States Magistrate Judge, United States District Court, Southern District of Georgia, Post Office Box 9563, Savannah, Georgia 31412, to Assistant United States Attorney Karl Knoche, Office of the United States Attorney, Post Office Box 8970, Savannah, Georgia 31412, and to counsel for the defendant, R. Clay Ratterree, Post Office Box 9946, Savannah, Georgia 31412.

**IT IS FURTHER ORDERED** that the examiner's report shall include any pertinent information required by 18 U.S.C. § 4247(c).

SO ORDERED this 14th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA